SMITH, Justice,
dissenting:
¶ 18. The majority holds that a true debt relationship between the parent company and subsidiary does not exist in the case at bar and includes as capital for state corporate franchise tax purposes the amount of the promissory note between Emhart and Emhart Corporation. I disagree and therefore dissent.
¶ 19. The definition of capital is governed by Miss.Code Ann § 27-13-9. Dividends paid are clearly excluded by the statute. Here, Emhart paid a dividend which is shown as such on both its records and tax returns. The Commission cannot ignore these facts for franchise tax purposes and interpret the statute by expansion so as to include a liability. This Court has repeatedly held that such expansion of the definition of capital beyond that set forth under the statute cited above is not permissible. Mississippi State Tax Comm’n v. Lady Forest Farms, Inc., 701 So.2d 294, 296-97 (Miss.1997).
¶ 20. Additionally, it is equally clear that the Commission’s treatment of the Emhart note was inconsistent with its treatment of the note issued by Emhart’s subsidiary, Kwikset Corporation. The Kwikset note was never included in Emhart’s capital as partial payment of the dividend. The Commission excluded the Kwikset note from capital. This was clearly inconsistent with its decision to include the Emhart note as capital. The Emhart note was excludable from capital as a dividend and because it was a demand note on its very face. Emhart received absolutely nothing in consideration or exchange, or pledge any security for Emhart’s issuance of the promissory note. Thus, a true debtor-creditor relationship was established here. The note in question was not substituted capital, but rather was simply a note which was excludable both from capital and the franchise tax.
¶ 21.1 respectfully dissent.
COBB, J., joins this opinion.